UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**MICHAEL A AMEN** and
**CHERYLL K AMEN**,

Debtors.

Case No. **12-61225-7**

### *MEMORANDUM of DECISION*

At Butte in said District this 15th day of November, 2013.

In this Chapter 7 bankruptcy, after due notice, a hearing was held November 12, 2013, in Billings on the Trustee's Motion for Approval of Compromise, Including Approval of Sale Free and Clear filed October 1, 2013, together with the objection thereto filed by Bar Nothing Ranch Partnership. The Trustee was represented at the hearing by Trent M. Gardner of Bozeman, Montana; Lazy JC Ranch, LLC was represented at the hearing by Jeffery A. Hunnes of Billings, Montana; Bar Nothing Ranch Partnership was represented at the hearing by James A. Patten and W. Scott Green of Billings, Montana; and Lowe/Amen, LLC was represented at the hearing by Kevin P. Heaney of Billings, Montana. The Chapter 7 Trustee, Joseph V. Womack of Billings, Montana, testified, and the Trustee's Exhibits 1 through 4 and Bar Nothing Ranch Partnership's Exhibit A were admitted into evidence without objection.

BACKGROUND

Debtors Michael and Cheryll Amen filed a voluntary Chapter 13 bankruptcy petition on July 27, 2012. Debtors' case was converted to Chapter 7 of the Bankruptcy Code on October 5, 2012, and Joseph V. Womack was appointed Chapter 7 Trustee on that same date. In their

1

schedules, Debtors disclosed that Michael was a 50% owner in Lowe/Amen, LLC.

Lowe/Amen, LLC is a Montana limited liability company and its sole asset is certain real property located in Yellowstone County, Montana, legally described as follows:

Parcel A:

That part of the NE ¼ SE ¼ of Section 17, Township 1 South, Range 25 East, of the Principal Montana Meridian, in Yellowstone County, Montana, described as Tract 1-A, of Amended Plat of Tract 1 of Certificate of Survey No. 2042 on file in the office of the Clerk and Recorder of said County, under Document # 1381180.

Parcel B:

Township 1 South, Range 25 East, of the Principal Montana Meridian, in Yellowstone County, Montana.
Section 17: NW ¼ SE ¼.

Parcel A consists of approximately 24 acres and Parcel B consists of approximately 40 acres. First Interstate Bank has a lien against Parcel B pursuant to a Mortgage dated October 17, 2003, as modified on February 4, 2004, July 30, 2004, August 20, 2004, and May 3, 2006. First Interstate Bank is currently owed approximately $135,000.

Lowe Property Holdings, LLC and Michael are the sole members of Lowe/Amen, LLC. Lowe Property Holdings, LLC contends it owns a majority interest in Lowe/Amend, LLC and that it has contributed a majority of the capital to Lowe/Amen, LLC. Lowe Property Holdings, LLC further asserts that Michael's interest in Lowe/Amen, LLC is not 50%, but rather, is something less than 20% because of deficiencies in Michael's capital account and other breaches of the Lowe/Amen, LLC Operating Agreement dated April 27, 2006.

Pursuant to Section 5.1 of the Lowe/Amen, LLC Operating Agreement, certain major business decisions, such as pledging, mortgaging, or otherwise encumbering Lowe/Amen, LLC's assets, require the affirmative vote of it members contributing fifty-one percent or more of the

capital of Lowe/Amen, LLC.  The Operating Agreement also precludes members from assigning their interest in Lowe/Amen, LLC without the written consent of the other member.

Notwithstanding the foregoing, Michael, without the knowledge, consent or authorization of Lowe/Amen, LLC or Lowe Property Holdings, LLC, and to secure a Promissory Note from Michael promising to pay Bar Nothing Ranch Partnership $243,668.46, executed on April 23, 2010, for the benefit of Bar Nothing Ranch Partnership a Montana Trust Indenture, purportedly granting Bar Nothing Ranch Partnership a security interest in:

> That part of the NE ¼ SE ¼ of Section 17, Township 1 South, Range 25 East, of the Principal Montana Meridian, in Yellowstone County, Montana, described as Tract 1-A, of Amended Plat of Tract 1 of Certificate of Survey No. 2042 on file in the office of the Clerk and Recorder of said County, under Document # 1381180.

Michael also, without the knowledge, consent or authorization of Lowe/Amen, LLC or Lowe Property Holdings, LLC, and to secure $71,046.67 that Michael borrowed from Lazy JC Ranch, LLC, executed on June 1, 2010, for the benefit of Lazy JC Ranch, LLC a Montana Trust Indenture, purportedly granting Lazy JC Ranch, LLC a security interest in:

> Township 1 South, Range 25 East, P.M.M.
> Section 17: NW¼SE¼.

Michael also granted Lazy JC Ranch, LLC a security interest in "all of Debtor's right, title and interest as a member of Lowe/Amen, LLC," which security interest was perfected pursuant to a UCC Financing Statement filed June 30, 2010.

On July 18, 2012, Lowe/Amen, LLC commenced a proceeding against Lazy JC Ranch, LLC and Bar Nothing Ranch Partnership, LLC in the Thirteenth Judicial District Court of Montana, Cause No. DV-12-0868 in an effort to, *inter alia*, quiet title to Parcels A and B with respect to Lazy JC Ranch, LLC's and Bar Nothing Ranch Partnership, LLC 's unauthorized liens

and to invalidate their unauthorized security interests.

After Debtors filed bankruptcy, Lowe/Amen, LLC and Lowe Property Holdings, LLC filed Proof of Claim Nos. 18 and 19 on February 22, 2013, each asserting an unsecured claim against Debtors in the amount of $395,761.80. Lazy JC Ranch, LLC filed Proof of Claim No. 20 on February 28, 2013, asserting a secured claim in the amount of $83,761.72, secured by Michael's interest in Lowe/Amen, LLC and Parcel B. Bar Nothing Ranch Partnership filed Proof of Claim No. 8 on September 10, 2012, asserting a secured claim in the amount of $247,406.94, secured by Parcel A. Although Bar Nothing Ranch Partnership filed a proof of claim, it has not filed a dischargeability action against Michael, even though it was on notice that its lien was under attack vis-a-vis the quiet title action commenced by Lowe/Amen, LLC on July 18, 2012. Michael's discharge was entered on January 29, 2013.

The Trustee and Lowe/Amen, LLC filed a complaint against Bar Nothing Ranch Partnership on September 11, 2013, requesting various relief, including a request that the Court remove Bar Nothing Ranch Partnership's Trust Indenture on Parcel A from the county records and otherwise hold that the Trust Indenture is cancelled, void, unenforceable, and of no effect. The complaint against Bar Nothing Ranch Partnership references a settlement between Lowe Property Holdings, LLC, Lowe/Amen, LLC, the Trustee, and Lazy JC Ranch, LLC, which Settlement Agreement and Release is attached to and is the subject of the Trustee's pending Motion for Approval of Compromise Settlement. The Trustee believes Parcel A has an approximate value of $390,000.

In his Motion, the Trustee represents that the Settlement Agreement and Release resolves Lowe/Amen, LLC's Proof of Claim No. 18, Lowe Property Holdings, LLC's Proof of Claim No.

4

19, and Lazy JC Ranch, LLC's Proof of Claim No. 20. The Trustee summarizes the settlement as follows:

    1. Trustee will transfer Debtor Michael Amen's membership interest in Lowe/Amen to Lowe Property free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363(b) and (f);

    2. Lowe/Amen will transfer the Parcel A to the Trustee free and clear of the FIB Mortgage (defined below);

    3. Lowe/Amen will withdraw, with prejudice, its Claim No. 18-1;

    4. Lowe Property will withdraw, with prejudice, its Claim No. 19-1;

    5. Lazy JC will accept a $50,000 claim secured by a second priority lien on Parcel A and any proceeds of the sale of Parcel A, subordinate only to any allowed secured claim or lien of Bar Nothing as determined upon conclusion of the Bar Nothing AP (defined below) or the Quiet Title Action (defined in the Settlement Agreement); and a $21,047 unsecured claim in full settlement of its Claim No. 20-1; and

    6. Trustee shall remove the Bar Nothing Ranch Partnership's ("Bar Nothing") Trust Indenture filed against certain Lowe/Amen real property. A separate adversary proceeding (AP No. 13-00034) has been filed to remove that Trust Indenture (the "Bar Nothing AP").

    As a result of the foregoing, the Trustee seeks an order from the Court:

    (a) Approving the Settlement Agreement and authorizing the Trustee to execute such agreements and instruments required to effect settlement under the Agreement without further proceedings;

    (b) Confirming that the sale of the Amen Membership Interest to Lowe/Amen is free and

5

clear pursuant to 363(f); and

 (c) Granting such other and further relief as the Court deems proper.

Bar Nothing Ranch Partnership, in its limited objection to the Trustee's Motion and approval of the Settlement Agreement and Release, does not object to the conveyance of Parcel A to Debtor's bankruptcy estate or the relinquishment of the Bankruptcy Estate's membership and distributional interest in Lowe/Amen, LLC. Bar Nothing Ranch Partnership objects to approval of the settlement on grounds the Trustee's proposed settlement provides validity to the Lazy JC Ranch trust indenture, which results in different treatment between similarly situated creditors. Counsel for Bar Nothing Ranch Partnership argues:

> If the Bar Nothing lien in invalid, so is the Lazy JC lien. If their liens are invalid, Bar Nothing and Lazy JC would have unsecured claims and would be entitled to any distribution based upon their allowed unsecured claims. By granting Lazy JC a lien through the settlement, Lazy JC's interests are elevated and its share of distribution will be greater, even though Bar Nothing and Lazy JC are similarly situated.

## DISCUSSION

As all parties correctly note, in deciding whether to approve the Settlement Agreement and Release, the Court considers the factors articulated in *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986):

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

As explained in *A & C Properties*:

> The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims. The law favors compromise and not litigation for its own sake,

6

> and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed.

*Id*. at 1380-81 (citations omitted).

The first *A & C Properties* factor favors approval of the settlement. Womack testified that the probability of success in the litigation with Lazy JC Ranch, LLC involved two legal disputes, the first dealing with real property and the second dealing with Lazy JC Ranch, LLC's asserted interest in Michael's membership interest in Lowe/Amen, LLC. Intertwined with the foregoing disputes are claims Lowe Property Holdings, LLC and Lowe/Amen, LLC have against Michael. The Trustee's proposed settlement resolves not only the two disputes with Lazy JC Ranch, LLC, but also with Lowe Property Holdings, LLC and Lowe/Amen, LLC.

The second factor is the difficulties, if any, to be encountered in the matter of collection. *A & C Properties*, 784 F.2d at 1381. The second factor is inapplicable here because the Trustee is not seeking to collect a money judgment from any of the parties. To the contrary, this case involves other parties who are attempting to collect money from the Debtors.

The third factor is the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it. *A & C Properties*, 784 F.2d at 1381. Litigation of the above issues would cause delay in this case and would result in additional expense to the bankruptcy estate. The fourth and final factor is the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *A & C Properties*, 784 F.2d at 1381. With respect to the creditors filing claims, Lowe Property Holdings, LLC and Lowe/Amen, LLC are the largest creditors in this case, with an asserted unsecured claim of $395,761.80. Bar Nothing Ranch Partnership is the second largest creditor, with an asserted secured claim of

$247,406.94. Bar Nothing Ranch Partnership opposes the settlement as it relates to treatment of Lazy JC Ranch, LLC arguing that if Bar Nothing Ranch Partnership's lien in Parcel A is invalidated, then Lazy JC Ranch, LLC's interests will be elevated and its share of distribution will be greater, even though Bar Nothing Ranch Partnership and Lazy JC Ranch, LLC are similarly situated.

The problem with such argument is that Bar Nothing Ranch Partnership and Lazy JC Ranch, LLC are not similarly situated. The Settlement Agreement and Release attached to the Trustee's Motion specifically provides in paragraph 2.d that "[t]he entire amount of the Lazy JC Allowed Secured Claim shall be attributable to the settlement and compromise of the Lazy JC Security Interest, as the Trustee has placed only a nominal or nuisance value on the release of the Lazy JC Trust Indenture." Unlike Lazy JC Ranch, LLC, Bar Nothing Ranch Partnership does not have a security interest in Michael's membership interest in Lowe/Amen, LLC.

Moreover, the Court is not persuaded by Bar Nothing Ranch Partnership's argument that its claim is diluted by approval of the settlement in the event its lien is invalidated at some future date. Bar Nothing Ranch Partnership's "what if" argument is based upon a hypothetical ruling against Bar Nothing Ranch Partnership in the associated adversary proceeding. Bar Nothing Ranch Partnership has not yet filed an answer in that proceeding, and in fact, the only matter pending in that action at this time is Bar Nothing Ranch Partnership's motion to dismiss counts I, II, III, IV, V and VII of the complaint. Bar Nothing Ranch Partnership's argument at this juncture is pure speculation. All matters considered, and giving weight to the opinions of the Trustee, *see A & C Properties*, 784 F.2d at 1384, the Court finds that factor four weighs in favor of approving the settlement.

Having determined that three of the four *A & C Properties* factors support approval of the settlement, the Court overrules Bar Nothing Ranch Partnership's limited objection, and grants the Trustee's Motion for Approval of Compromise Settlement, Including Approval of Sale Free and Clear. In accordance with the foregoing, the Court will enter a separate order providing as follows,

IT IS ORDERED that the Trustee's Motion for Approval of Compromise Settlement, Including Approval of Sale Free and Clear filed October 1, 2013, at docket entry no. 112, is granted; the Settlement Agreement and Release attached thereto is approved; and the parties to the Settlement Agreement and Release shall henceforth be bound by and shall perform according to the terms and conditions of the approved Settlement Agreement and Release.

IT IS FURTHER ORDERED that the Trustee is authorized to execute such agreements and instruments required to effect settlement under the Settlement Agreement and Release without further proceedings.

IT IS FURTHER ORDERED that the sale of the Amen Membership Interest to Lowe/Amen, as contemplated in the Settlement Agreement and Release, is free and clear pursuant to 11 U.S.C. § 363(f).

BY THE COURT

*Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana